United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60344
Summary Calendar

SUSAN EKESI TONGE,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 195 896
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Susan Ekesi Tonge petitions for review of the decision of the
Board of Immigration Appeals (BIA) summarily affirming the decision
of the immigration judge (IJ) to deny her application for asylum,
withholding of deportation, and relief under the Convention against
Torture. "Credibility determinations are given great deference. .
. . [This court] cannot replace the Board or IJ's determinations
concerning witness credibility or ultimate factual findings based
on credibility determinations with its own determinations." Efe v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). In order to prevail, Tonge must show that the evidence compels a finding contrary to the one of the IJ. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994).

Tonge does not specifically address all of the inconsistencies cited by the IJ, and she only offers alternative reasons for them. She claims, for example, that her misstatements and her tendency to look away from the IJ during her testimony could have resulted from her lack of education. Tonge has not shown that the evidence presented compels a conclusion regarding her credibility contrary to the one reached by the IJ. Because the IJ had the benefit of observing Tonge's demeanor and behavior during her testimony, it was reasonable for him to make a credibility determination. In light of these facts, we conclude that the IJ's finding that Tonge was not a credible witness is supported by the record, and moreover, the contrary conclusion, that Tonge was credible, is not compelled by the record. See id. Therefore, we may not reverse the IJ's finding.

Tonge contends that she has established her eligibility for withholding of removal and relief under the Convention against Torture. In light of the adverse credibility determination, we need not consider whether Tonge has established an entitlement to such relief. See id.

**PETITION DENIED.**